IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KATHLEEN T.,[1]                          3:18-cv-00036-BR

          Plaintiff,                     OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.


**BRUCE W. BREWER**
P.O. Box 421
West Linn, OR  97068
(503) 621-6633

          Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

          [1] In the interest of privacy this Opinion uses only the
first name and the initial of the last name of the non-
governmental party this case.  Where applicable, this Opinion
uses the same designation for the nongovernmental party's
immediate family member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**RYAN TA LU**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2034

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Kathleen T. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On March 3, 2014, Plaintiff protectively filed her

application for DIB and SSI benefits.  Tr. 13, 191, 197.[2]

Plaintiff alleges a disability onset date of September 30, 2012.

Tr. 13.  Plaintiff's application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

hearing on June 6, 2016.  Tr. 30-56.  Plaintiff and a vocational

expert (VE) testified at the hearing.  A non-attorney

representative for Plaintiff also attended the hearing.

On July 11, 2016, the ALJ issued an opinion in which he

found Plaintiff is not disabled and, therefore, is not entitled

to benefits.  Tr. 13-25.  Plaintiff requested review by the

Appeals Council.  On November 1, 2017, the Appeals Council

denied Plaintiff's request to review the ALJ's decision, and the

ALJ's decision became the final decision of the Commissioner.

Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On January 5, 2018, Plaintiff filed a Complaint in this

Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on August 20, 1956.  Tr. 34.  Plaintiff

---

[2] Citations to the official transcript of record filed by
the Commissioner on May 16, 2018, are referred to as "Tr."

was 56 years old on her alleged disability onset date.
Plaintiff has a high-school education, a two-year registered
nurse degree, and a four-year degree in languages.  Tr. 36.
Plaintiff has past relevant work experience as a medical case-
manager.  Tr. 24.

Plaintiff alleges disability due to chronic depression,
anxiety, degenerative disc disease, herniated and bulging disc,
osteoarthritis, insomnia, right-shoulder nerve impingement, and
ulnar-nerve displacement.  Tr. 57-58.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 18-24.


## **STANDARDS**

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th

Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 30, 2012, Plaintiff's alleged disability onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of lumbar and cervical spine degenerative disc disease, history of right-shoulder injury, hypertension, and gastroesophageal reflux disease (GERD).  Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 16.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  lifting and carrying up to 20 pounds occasionally and ten pounds frequently; standing and walking combined for six out of eight hours; sitting for six out of eight hours; occasional climbing, stooping, kneeling, crouching, or crawling; and occasional lifting overhead bilaterally.  Tr. 17.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work.  Tr. 24.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 25.

**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony; (2) failed at Step Two to find Plaintiff's left ulnar-nerve impairment to be severe; and (3) relied on the allegedly inadequate testimony of the VE at Step Four.

**I.    The ALJ did not err when he found Plaintiff's testimony was not fully credible.**

Plaintiff contends the ALJ erred when he failed to provide

clear and convincing reasons for discounting Plaintiff's symptom
testimony.

**A.     Standards**

The ALJ engages in a two-step analysis to determine
whether a claimant's testimony regarding subjective pain or
symptoms is credible.  "First, the ALJ must determine whether the
claimant has presented objective medical evidence of an
underlying impairment 'which could reasonably be expected to
produce the pain or other symptoms alleged.'"  *Garrison v.*
*Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter*
*v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant
is not required to show that her "impairment could reasonably be
expected to cause the severity of the symptom [she] has alleged;
[she] need only show that it could reasonably have caused some
degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting
*Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A
claimant is not required to produce "objective medical evidence
of the pain or fatigue itself, or the severity thereof."  *Id*.

If the claimant satisfies the first step of this
analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about
the severity of [her] symptoms only by offering specific, clear

and convincing reasons for doing so." *Garrison*, 759 F.3d at

1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of

malingering based on affirmative evidence thereof, he or she may

only find an applicant not credible by making specific findings

as to credibility and stating clear and convincing reasons for

each."). General assertions that the claimant's testimony is not

credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750

(9th Cir. 2007). The ALJ must identify "what testimony is not

credible and what evidence undermines the claimant's

complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1995)).

**B.   Analysis**

Plaintiff alleges she has been unable to work since

September 30, 2012, her alleged disability onset date. As

noted, Plaintiff contends she is disabled due to the following

physical and mental impairments:  chronic depression, anxiety,

degenerative disc disease, herniated and bulging disc,

osteoarthritis, insomnia, right-shoulder nerve impingement, and

ulnar-nerve displacement. Tr. 57-58.

The ALJ determined Plaintiff's statements concerning

the intensity, persistence, and limiting effects of her symptoms

"are not entirely consistent with the medical evidence," and
"the objective medical evidence concerning [Plaintiff's] alleged
physical impairments is inconsistent with her alleged symptoms
and their limiting effects."  Tr. 18.  The ALJ pointed out that
the record "does not reveal any of [Plaintiff's] alleged
difficulties with cognitive functioning and instead shows
generally normal mental status."  Tr. 21.  For example, although
Plaintiff reported in an examination in August 2013 that she was
depressed, the examiner noted Plaintiff's orientation, judgment,
insight, memory, attention, concentration, and thought content
were all "within normal limits."  Tr. 21, 311.

        Despite Plaintiff's allegations of disabling neck and
back pain limiting her ability to walk, the ALJ noted during one
examination Plaintiff had normal range of motion in her neck,
normal muscle strength, and intact sensations in her fingers.
Tr. 18, 367, 368.  On another occasion the record reflects
Plaintiff did not have any tenderness of the spine, presented
with negative straight-leg raises, exhibited full spinal
flexion, and had normal and steady gait.  In fact, the examiner
noted it was "[d]ifficult to find a specific area [in
Plaintiff's hip] that has any significant tenderness."  Tr. 300.

        The ALJ also concluded Plaintiff's activities of daily

living were "inconsistent with her complaints." Tr. 22. The
ALJ noted, for example, Plaintiff is independent in her personal
care, is able to prepare simple meals, does household chores,
takes her dogs for walks, and drives a Harley-Davidson
motorcycle. Tr. 22. Throughout 2013 and 2014 Plaintiff
regularly participated in Tai Chi and yoga classes, went
snowshoeing, and learned to scuba dive. Tr. 22, 43-44.
Plaintiff also regularly participates in a choir. Tr. 44. The
ALJ also noted Plaintiff's last full-time job ended because of a
reduction in the work force rather than any physical limitations
related to her symptoms. Tr. 22, 39.

     On this record the Court concludes the ALJ did not err
when he discounted Plaintiff's symptom testimony and found it
was not fully credible because the ALJ provided clear and
convincing reasons supported by substantial evidence in the
record for doing so.

**II.  The ALJ did not err at Step Two in his analysis of
     Plaintiff's severe impairments.**

    Plaintiff contends the ALJ erred at Step Two when he failed
to identify Plaintiff's left ulnar-nerve impairment (cubital-
tunnel syndrome) as a severe impairment.

    The Commissioner, in turn, contends the ALJ concluded
Plaintiff has a combination of severe impairments, and,

therefore, the ALJ resolved Step Two in Plaintiff's favor.
Thus, according to the Commissioner, any failure to find and to
include Plaintiff's ulnar-nerve impairment did not prejudice
Plaintiff.

**A. Standards**

The inquiry for Step Two is a *de minimis* screening
device to dispose of groundless claims. *Bowen v. Yuckert*, 482
U.S. 137, 153-54 (1987)(Step Two inquiry intended to identify
claimants whose medical impairments are so slight that it is
unlikely they would be found disabled). *See also Webb v.
Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(Step Two impairment
"may be found not severe *only if* the evidence establishes a
slight abnormality that has no more than a minimal effect on an
individual's ability to work.")(emphasis in original).

The claimant bears the burden to provide medical
evidence to establish at Step Two that she has a severe
impairment. 20 C.F.R. § 404.1512. An impairment or combination
of impairments is "not severe only if the evidence establishes a
slight abnormality that has no more than a minimal effect on an
individual's ability to work." *Webb*, 433 F.3d at 686. At Step
Two the ALJ must consider the combined effect of all the
claimant's impairments on her ability to function without regard

to whether each alone is sufficiently severe.  *Howard ex rel.*
*Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.2003).  *See also*
*Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir.1996); 42
U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923.

If the ALJ determines a claimant is severely impaired
at Step Two, the ALJ continues with the sequential analysis and
considers all of the claimant's limitations.  SSR 96-9p,
available at 1996 WL 374184 (July 2, 1996).  Step Two is "merely
a threshold determination of whether the claimant is able to
perform his past work."  *Hoopai v. Astrue*, 499 F.3d 1071, 1076
(9th Cir. 2007).  If an ALJ fails to consider limitations
imposed by an impairment at Step Two but considers them at a
later step in the sequential analysis, any error at Step Two is
harmless.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).
*See also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

**B.   Analysis**

As noted, the ALJ found Plaintiff has severe
impairments of lumbar and cervical spine degenerative disc
disease, right-shoulder injury, hypertension, and GERD.  Tr. 15.
Based on these impairments, the ALJ assessed Plaintiff's RFC as
limited to light work with some exertional limitations.  Tr. 16.

The ALJ, however, also found there was not any

objective medical evidence to support Plaintiff's other alleged complaints, including left cubital-tunnel syndrome. Tr. 15. The ALJ explained this alleged impairment "caused only transient and mild symptoms and limitations," was "well controlled with treatment," and was "otherwise not adequately supported by the medical evidence in the record." *Id.* The ALJ resolved Step Two in Plaintiff's favor and proceeded with the sequential analysis.

The ALJ noted Plaintiff had left ulnar decompression surgery at the elbow in January 2010, but she made few complaints of any ongoing symptoms. Tr. 20, 553-55. Although post-surgery improvement was initially slow (Tr. 540, 543), Plaintiff had a complete physical examination in January 2013, she did not mention left-hand problems, and the strength in her extremities was equal and normal without peripheral neuropathy. Tr. 20, 325. Following a motor-vehicle accident in March 2013, Plaintiff reported having left-arm numbness that she attributed to her ulnar-nerve transposition. Tr. 321. In February 2014 Plaintiff noted some left-hand numbness. Tr. 288. The ALJ noted, however, there was not any evidence of subsequent treatment in the record. Tr. 20. Thus, the ALJ evaluated the evidence and accounted for all credible limitations relating to Plaintiff's alleged left-hand impairment.

On this record the Court concludes the ALJ did not err at Step Two because he found Plaintiff has severe impairments, and, therefore, any failure to find other severe impairments at Step Two was not prejudicial.

## III. The ALJ did not err at Step Four when he relied on the testimony of the VE.

Plaintiff contends the ALJ erred when he relied on the testimony of the VE regarding Plaintiff's ability to perform her past relevant work.

### A.    Standards

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011).

"At step four of the sequential analysis, the claimant has the burden to prove that [she] cannot perform [her] prior work either as actually performed or as generally performed in the national economy."  *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."  *Pinto v.*

*Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  Accordingly, the
ALJ must make the requisite factual findings supported by
substantial evidence in the record before concluding that the
claimant is "able to perform:  1.  The actual functional demands
of the job duties of a particular past relevant job; or 2.  The
functional demands and job duties of the occupation as generally
required by employers throughout the national economy."  *Id.*, at
845.  "This requires specific findings as to the claimant's
residual functional capacity, the physical and mental demands of
the past relevant work, and the relation of the residual
functional capacity to the past work."  *Id.*

   **B.   Analysis**

      As noted, the ALJ found Plaintiff can perform light
work and is capable of performing her past relevant work as she
actually performed it previously.  Tr. 17, 24.

      Plaintiff testified her work as a case-management
nurse involved mainly "utilization review, discharge planning,
[and] coordination of services."  Tr. 38.  Plaintiff also
testified much of her day was spent keyboarding.  Tr. 49.

      The VE testified Plaintiff's past relevant work was
classified by the Dictionary of Occupational Titles (DOT) as a
medical case-manager, DOT job code 075.117-910.  Tr. 51.  The VE

also testified even though this job is generally performed at a sedentary level, Plaintiff performed the job at a light level based on Plaintiff's description of the job as she actually performed it.  Tr. 51-2.  The VE also testified an individual with an RFC as assessed by the ALJ could perform this type of work.  *Id.*

Plaintiff contends the DOT code indicated by the VE does not exist, and, as a result, the VE testified Plaintiff could perform a job that does not exist, the VE "veered" from the DOT without explanation, and the ALJ erred when he relied on the VE's inaccurate testimony.

When making disability determinations the Commissioner relies primarily on the DOT for "information about the requirements of work in the national economy."  SSR 00-4p.  The Commissioner also uses testimony from vocational experts to obtain occupational evidence.  *Id.*  Although evidence provided by a VE "generally should be consistent" with the DOT, neither source is controlling when there is a conflict between the DOT and the VE's testimony.  *Id.*  In other words, the ALJ must determine whether a conflict exists.  If the ALJ finds there is a conflict, the ALJ must determine whether the VE's explanation for the conflict is reasonable and whether a basis exists for

relying on the VE rather than the DOT.  *Id.*  *See also Massachi
v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007).

As noted, the VE testified Plaintiff actually
performed the medical case-manager job at a light level.  Thus,
the VE's testimony resolved the apparent conflict between the
DOT and the ALJ's evaluation of Plaintiff's RFC for light work
regardless whether the correct DOT job code was identified.  The
Court finds the VE's testimony was reasonable and provided a
basis for the ALJ to rely on the VE's testimony rather than the
DOT when the ALJ was assessing whether Plaintiff could perform
her past relevant work.  *See Tommasetti v. Astrue*, 533 F.3d
1035, 1042 (9th Cir. 2008)("To deviate from the DOT
classification, an ALJ may rely on expert testimony which
contradicts the DOT, but only insofar as the record contains
persuasive evidence to support the deviation."[citation and
internal quote omitted]).

On this record the Court concludes the ALJ did not err at
Step Four when she determined Plaintiff could perform her past
relevant work because the ALJ's decision was supported by
substantial evidence in the record.  The ALJ, therefore, did not
have to proceed to Step Five of the Disability Regulatory
Sequential Analysis.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 31st day of March, 2019.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge